**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin Leroy Douglass, Jr., | No. CV12-0604 PHX DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Albert J. Martin, | |
| Defendant. | |

Plaintiff Melvin Leroy Douglass, Jr. filed a motion for summary judgment on May 2, 2012.  Doc. 8.  Defendant Albert J. Martin filed a cross-motion for judgment on the pleadings (Doc. 12) and Plaintiff responded.  Doc. 14.  The Court issued an order on July 10, 2011, giving Plaintiff notice that it intended to treat Defendant's cross motion for judgment on the pleadings as a motion for summary judgment and giving Plaintiff an opportunity to respond.  Doc. 27.  Plaintiff filed a response on July 13, 2011.  Doc. 29. The Court has reviewed the memoranda filed by the parties.  Docs. 8, 12, 14, 29.  For reasons discussed below, Plaintiff's motion will be denied and summary judgment will be entered in favor of Defendant.[1]

---

[1] Based on statements made at a case management conference on June 27, 2012, the Court concluded that Plaintiff's "Reply to Response to Motion for Summary Judgment" (Doc. 13) was Plaintiff's response to Defendant's motion for judgment on the pleadings.  *See* Doc. 27 at 1.  Plaintiff filed a "Request for Order Correction," stating that his response was actually a document filed on May 25, 2012 (Doc. 14).  Doc. 28 at 1-2. In entering this ruling, the Court has considered the May 25 response and Plaintiff's additional response filed after the Court's notification.

**I.    Background.**

Plaintiff's claims against Defendant arise out of Plaintiff's conviction for criminal damage on December 9, 2008.  Plaintiff argues that he was wrongfully convicted and seeks damages from Defendant as a result.  On April 20, 2009, Plaintiff created and had notarized a document titled "truth affidavit."  Doc. 13-2.  The document contained a statement claiming that Defendant had committed perjury during Plaintiff's criminal trial.  *Id.*  When Defendant failed to respond to the truth affidavit as Plaintiff demanded, Plaintiff had a lien recorded on Defendant's property.  Doc. 1-1.  Plaintiff then prepared an "administrative judgment" against Defendant in the amount of $7,250,000 and had it notarized.  Doc. 1 at 3-5.

Plaintiff filed a complaint in La Paz County Superior Court seeking enforcement of the administrative judgment.  Doc. 12-1.  In September of 2010, the Superior Court held that Plaintiff's truth affidavit and administrative judgment had no binding legal force, that his lien on Defendant's property violated A.R.S. § 33-420, and that Plaintiff was liable to Defendant in the amount of $64,572.12.  *Id.*  The court cleared Defendant's title and invalidated the truth affidavit.  *Id.*

Plaintiff filed this case 18 months later, again seeking to enforce the truth affidavit and administrative judgment against Defendant.  Doc. 1.  This Court has jurisdiction because the parties are citizen of different states and the amount claimed by Plaintiff exceeds $75,000.  28 U.S.C. § 1332(a).

**II.   Legal Standards.**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).   Substantive law determines which facts are material, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130. In addition, the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Defendant argues that Plaintiff's claims are barred by the doctrine of *res judicata*. State law governs the application of *res judicata* to state court judgments. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990)*; Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action. *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999). The party seeking to assert *res judicata* bears the burden of proving that it applies. *See State Comp. Fund v. Yellow Cab Co. of Phoenix*, 3 P.3d 1040, 1044 (Ariz. Ct. App. 1999).

**III.   Discussion.**

Plaintiff's complaint seeks to enforce the truth affidavit, commercial lien, and administrative judgment that were the subject of the case between Plaintiff and Defendant in La Paz County Superior Court. Docs. 1, 12-1. The Superior Court was a court of competent jurisdiction, and issued a final judgment holding that the documents are false, in violation A.R.S. 33 § 420, and provide no basis for Plaintiff to seek damages against Defendant. *Id.* Defendant's cross-motion attaches the September 22, 2010, Superior Court judgment in his favor. Doc. 12-1.

Plaintiff does not dispute that the Superior Court was a court of competent jurisdiction that issued a final judgment on the very claims he now asserts against Defendant. Plaintiff instead argues that the Superior Court judgment has been "cancelled out" and cannot give rise to *res judicata*. Docs. 14 at 1, 29 at 2. As evidence, Plaintiff attaches a copy of the Superior Court's order with each page stamped "Accepted for value" and signed by Plaintiff. Doc. 14 at 7-9. Plaintiff attests that he mailed copies of the "accepted for value order" to the defense attorney, La Paz Superior Court Judge

Randolph Bartlett, and the La Paz Superior Court, and that he recorded the order and proofs of service in the La Paz County Recorder's Office.  Doc. 15, ¶¶ 4-5.  Plaintiff argues that these actions had the effect of voiding the court order "by operation of law."  Doc. 29 at 1-4.

Plaintiff's argument is frivolous.  The mere fact that he stamped and signed the Superior Court order with language he believed invalidated it, and then mailed and recorded the order, does not alter the legal effect of the order.  Citizens do not have authority to countermand court orders.  Under Plaintiff's argument, any litigant unhappy with the outcome of a case could have the court order voided simply by affixing and recording his purported opposition to it.  There is no legal basis for such an action, and Plaintiff fails to produce any evidence upon which a reasonable jury could find in his favor.[2]

The Superior Court's judgment is entitled to *res judicata* effect.  Plaintiff's claims are precluded, and summary judgment will be entered in favor of Defendant.

**IT IS ORDERED:**

1.      Plaintiff's motion for summary judgment (Doc. 8) is **denied**.

2.      Defendant's motion for summary judgment (Doc. 12) is **granted**.

3.      Defendant's motion to dismiss (Doc. 11) and Plaintiff's motions to amend (Doc. 4), for a temporary restraining order (Doc. 31), and for a cease and desist order (Docs. 32) are **denied**.

4.      The Clerk shall **terminate** this action.

Dated this 7th day of September, 2012.

_David G. Campbell_
_____
David G. Campbell
United States District Judge

---

[2] The "accepted for value" statement refers to Section 3-419 of the Uniform Commercial Code, which concerns assigning and accepting negotiable instruments.  This provision has no application to the validity of court orders or judgments.